# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No.: 2:20-CR-13 (JUDGE KLEEH) |
| **WILLIAM JOHN CLARK,** | |
| **Defendant.** | |

## REPORT AND RECOMMENDATION
## RECOMMENDING DEFENDANT'S MOTION [ECF NO. 111] BE DENIED

Presently pending before the undersigned Magistrate Judge is Defendant William John Clark's Motion Regarding Medical Records [ECF No. 111], filed on September 1, 2021. By Order dated March 10, 2022, [ECF No. 116], United States District Judge Thomas S. Kleeh referred the motion to the undersigned for conducting a hearing, if necessary, and entering a report and recommendation as to disposition of the motion.

Based upon a detailed review of Defendant's Motion, [ECF No. 111], as well a review of the record in numerous cases involving Defendant, the undersigned now **RECOMMENDS** that Defendant's motion be **DENIED** as set forth herein.

### I.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On March 17, 2020, a Grand Jury returned a three-count Indictment against Defendant William John Clark ("Defendant" or "Clark"). [ECF No. 12]. Defendant was named in the Indictment with the offenses of (1) Making a Destructive Device, in violation of Title 26, United States Code, Sections 5861(f) and 5871; (2) Possession of an Unregistered Firearm, in violation of Title 26, United States Code, Sections 5861(d) and 5871; and (3) Unlawful Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

Upon Government's motion and after a hearing, Defendant was ordered detained and remanded into the custody of the United States Marshal pending further proceedings. [ECF No. 27]. Defendant filed a motion for review of the order granting detention, [ECF No. 30], and after a hearing on the matter, the Court denied Defendant's motion by written Order. [ECF No. 64].

Defendant then filed numerous motions for pretrial release, including motions for compassionate release, which were also denied by Order of the Court. [ECF No. 80]. Upon review, the Court reasoned that there were no new records or information provided for the Court's consideration; the Court found no merit to Defendant's argument that he was entitled to release pending trial or sentencing. [ECF No. 80 at 2-3]. While Defendant cited to various medical maladies in both his *pro se* motions and the motions filed by counsel, [ECF Nos. 46, 75, 77, and 79], no medical records, other than one unauthenticated medication list, [ECF No. 46 at 4], were provided to the Court as exhibits in support.

On August 26, 2020, Defendant entered a plea of guilty to Count One of the Indictment, [ECF Nos. 68, 72], which was later adopted by Order of the Court, [ECF No. 74].

On March 25, 2021, Counts Two and Three were dismissed upon motion of the United States, and Defendant was sentenced to a term of imprisonment of fifty-seven (57) months, a five thousand dollar fine ($5,000), in addition to the one-hundred-dollar ($100.00) special mandatory assessment, and three (3) years of supervised release. [ECF Nos. 89, 94].

Defendant subsequently appealed to the U.S. Court of Appeals for the Fourth Circuit, "questioning whether the magistrate judge complied with the requirements of Fed. R. Crim. P. 11 in accepting Clark's plea, whether the district court conducted Clark's sentencing in accordance with Fed. R. Crim. P. 32, and whether Clark's sentence [was] reasonable." [ECF No. 113 at 2; United States v. William John Clark, No. 21-4174, 2022 WL 212732, at *1 (4th Cir. Jan. 24,

2022)]. The Fourth Circuit ultimately affirmed the judgment of the district court, in part, and dismissed the appeal, in part. [Id.]. The Fourth Circuit denied the Government's motion to dismiss, to the extent that Clark had the ability to challenge the adequacy of the plea colloquy. However, upon review, the court held that the plea colloquy informed Clark of his substantial rights, and the plea was voluntary. [Id.]. The Fourth Circuit further granted the Government's motion to dismiss, in part, holding that Clark knowingly and intelligently waived his right to appeal and challenge the imposition of his sentence. [ECF Nos. 114, 113].

Recently, William John Clark initiated two civil actions in the Northern District of West Virginia. See Clark v. Tygart Valley Regional Jail, No. 5:21-CV-00049, (April 1, 2021) (Bailey, J.) (related to his conditions of incarceration and injuries that occurred during an altercation with officers); Clark v. Satterfield et al, No. 5:22-cv-00023, (Feb. 7, 2022) (Bailey, J.) (alleging excessive force by officers executing a search warrant at his residence on March 10, 2020).

On September 21, 2021, the Court received a letter from Defendant[1] moving that this Court "please release the medical hold placed by the federal upon 'all' my medical records. Within the case of 2:20-CR-13 placed upon Tygart Valley Regional Jail . . . Also the medical records of Saint Joseph Hospital of March 10, 2020 within Buckhannon, WV the emergency room also all exrays [sic] within the records of Doctor Polouseki of the Elkins Medical Sports Center and the Davis Medical in Elkins Operation Room." [ECF No. 111].

On March 10, 2022, [ECF No. 116], United States District Judge Thomas S. Kleeh referred Defendant's *pro se* motion to the undersigned for conducting a hearing, if necessary, and entering a report and recommendation as to disposition of the motion.

---

1 William Clark is presently within custody and serving his sentence at the Bureau of Prison's Federal Correctional Institution Gilmer ("FCI Gilmer").

## II. ANALYSIS

The relief Mr. Clark seeks in his Motion, the "release . . . of medical records," is not relief which can be granted by this Court. Based upon the undersigned's review of Clark's cases, both civil and criminal, active and closed,[2] the Court does not possess any copies of the medical records Defendant is seeking and, further, there is no "hold" or orders by this Court which would preclude any agencies, health care providers, or other private parties from providing Defendant with his own medical records.

The undersigned would note an individual generally has the right to request medical records on his own behalf from health care providers without any court involvement.[3] Furthermore, the undersigned would note that any grievances regarding the maintenance of legal or medical paperwork by the Bureau of Prisons is an internal matter to be handled originally through the agency before an individual initiates any filings or civil action in federal court.[4]

Accordingly, the undersigned **RECOMMENDS** that Defendant's motion be **DENIED** because there are no materials within the Court's records responsive to Defendant's request, there are no "holds" or orders preventing private parties from releasing said documents to Defendant, and there is no legal basis provided therein for the issuance of a subpoena or court order to obtain such documents.

---

2 See also United States v. William John Clark, No. 2:05-CR-00044, (closed on Jan. 25, 2007) (Bailey, J.); United States v. William John Clark, No. 2:05-CR-00047, (closed on Jan. 25, 2007) (Bailey, J.); and United States v. William John Clark, No. 2:06-CR-00014, (closed on Jan. 25, 2007) (Maxwell, J.).

3 Under regulations related to the Health Insurance Portability and Accountability Act of 1996's "Privacy Rule," individuals have a right, with limited exceptions, to access, inspect, and request copies of their own protected health information. See 45 C.F.R. § 164.524(a). However, health care providers may require individuals to request access in writing, so long as they inform individuals of this requirement. See 45 CFR 164.524(b)(1).

4 See Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 228, n. 7 (2008); Padilla v. Morgan, No. 4:14-CV-04045-RMG, 2015 WL 5996181, at *7 (D.S.C. Oct. 13, 2015)("[P]laintiff did not comply with the BOP's procedural rules which require an inmate to resubmit a rejected grievance, and has not shown that he was prevented from doing so.") (citing Hoffenberg v. Provost, 154 Fed.Appx. 307, 311 (3rd Cir.2005)).

For the reasons stated herein, the undersigned **RECOMMENDS** that Defendant William John Clark's Motion, [ECF No. 111], be **DENIED**.

**Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.**

A copy of such objections should be submitted to the Honorable Thomas S. Kleeh, United States District Judge.

**<u>Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.</u>** 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert</u>. <u>denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to all counsel of record and to send a copy to the *pro se* Defendant by certified mail, return receipt requested.

**ENTERED: March 14, 2022.**

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE